# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 5123 | **DATE** | July 8, 2010 |
| **CASE TITLE** | | *Brown v. WMC Mortgage* | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion to vacate the voluntary dismissal entered on June 3, 2010, is granted. The clerk is directed to reopen this case, and to correct the spelling of Virgilija Brown's first name on the docket. A status hearing is scheduled for Thursday, July 29, 2010, at 11:00 a.m. The plaintiffs shall either personally appear or, if plaintiffs intend to engage new counsel, new counsel shall file an appearance before July 29, 2010, and shall appear at the status hearing for the plaintiffs. If no one appears for the plaintiffs at the July 29, 2010, status hearing, the case may be dismissed for want of prosecution.

■ [ For further details see text below.]    Docketing to mail notices.

00:00

## STATEMENT

On June 3, 2010, counsel for plaintiffs William and Virgilija Brown appeared before this court during a status hearing and stated that his clients had directed him to seek a voluntary dismissal of this case. The court granted the request and dismissed the case, taking under advisement whether the dismissal was with or without prejudice. Because it had not determined whether the dismissal was with prejudice, the court did not enter judgment.

Fifteen days later, on June 18, 2010, plaintiff Virgilija Brown filed a motion to vacate the June 3, 2010, dismissal, contending that she never directed her attorney to seek a voluntary dismissal. The court directed the plaintiffs' counsel to respond, which he did as follows:

> Counsel's dismissal of the case is the proximate result Plaintiffs' [sic] mistake. Plaintiffs' [sic] contend that the basis for the apparent authority under which Counsel acted in dismissing the case was false. Thus, the Court should grant the relief requested by Plaintiffs and reinstate the case.

Response [92-1] at 3. The court understands counsel to be attributing his request for a voluntary dismissal to mistake, though it is difficult to decipher whether the mistake was his or his clients'.

Defendant WMC Mortgage Corp. has filed a brief opposing Brown's motion to vacate, arguing that "'relief from a judgment under rule 60(b) is an extraordinary remedy'" and that Brown has not identified any exceptional circumstances that warrant such a remedy. Opposition [93-1] at 2 (quoting *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204-05 (7th Cir. 1984)). However, Brown does not purport to be proceeding under Federal Rule of Civil Procedure 60(b), and is not seeking relief from a judgment, as no

**STATEMENT**

judgment has yet been entered. In any event, in "matters involving interlocutory orders, such as motions to dismiss, or matters that have not been taken to judgment or determined on appeal, the Seventh Circuit has made clear that the district courts have the discretion to reconsider their decisions at any time." *In re Soybean Futures Litigation*, 892 F. Supp. 1025, 1042 (N.D. Ill. 1995).

The court granted the request for voluntary dismissal based upon counsel's factual representation that the plaintiffs wanted their case dismissed, which turned out to be erroneous. Therefore, in an exercise of its discretion, the court vacates the June 3, 2010, dismissal, which was entered in reliance on counsel's representation.

The clerk is directed to reopen this case. The court also notes that in her motion to vacate, Ms. Brown has spelled her first name differently than it was typed on her complaint and entered on the docket. Accordingly, the clerk is directed to correct the docket to spell Ms. Brown's first name as follows: Virgilija.

A status hearing is scheduled for Thursday, July 29, 2010, at 11:00 a.m. The plaintiffs shall either personally appear or, if plaintiffs intend to engage new counsel, new counsel shall file an appearance before July 29, 2010, and shall appear at the status hearing for the plaintiffs. If no one appears for the plaintiffs at the July 29, 2010, status hearing, the case may be dismissed for want of prosecution.

rs/cpb