Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 5123 | DATE | September 9, 2011 |
| CASE TITLE | *Brown v. WMC Mortgage* | | |

**DOCKET ENTRY TEXT:**

The plaintiffs' motion to vacate [148] is denied.

■ [ For further details see text below.]

## STATEMENT

*Background*

Plaintiffs William and Virgilija Brown sued WMC Mortgage Corp. and Deutsche Bank National Trust, contending that they were entitled to rescind their mortgage based on alleged violations of the Trust in Lending Act. *See* 15 U.S.C. § 1601. In November of 2010, the court entered an agreed order of dismissal as to the claims against WMC Mortgage and the case continued on as to Deutsche Bank.

It is undisputed that on May 22, 2001, after conferring with counsel, the plaintiffs agreed to dismiss their claims against Deutsche Bank. On May 24, 2011, the parties filed a joint motion to dismiss. Dkt. 142. The plaintiffs then apparently had a change of heart and decided they wanted to continue to litigate their claims against Deutsche Bank. They tried unsuccessfully to reach their attorney to communicate this decision. In the meantime, on June 6, 2011, the court granted the agreed motion to dismiss without a hearing.

The plaintiffs, who were represented by counsel, promptly filed a pro se motion asking the court to vacate the agreed order of dismissal as to Deutsche Bank, stating that they were "no longer willing to

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

terminate the case." Motion at Dkt. 148. In response, the plaintiffs' counsel sought leave to withdraw, stating that his clients had filed the motion to vacate without his knowledge and that the attorney-client relationship had irretrievably broken down.

*Discussion*

The plaintiffs concede that they agreed to dismiss the claims against Deutsche Bank and subsequently changed their mind. Rule 60(b) allows a party to request relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or; (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000). Relief under Rule(60)(b) is an extraordinary remedy and granted only in exceptional circumstances. *See McCormick,* 230 F.3d at 327.

Deutsche Bank correctly notes that a change of heart does not satisfy any of the first five Rule 60(b) factors. This leaves the Rule 60(b)(6) catch-all provision. Unfortunately for the plaintiffs, post-settlement remorse is not enough to avoid a binding agreement and thus obtain relief under Rule 60(b)(6). *See Moore v. Cooper*, No. 94 C 788, 1996 WL 207187, at *2 (N.D.Ill. Apr. 24, 1996) (collecting cases) ("All [the plaintiff] has demonstrated is that he changed his mind after he signed the settlement agreement, and a mere change of mind is not sufficient grounds for setting aside a settlement agreement").

The court appreciates that the plaintiffs regret their decision to settle this action. Nevertheless, their agreement is binding and cannot be set aside because they changed their minds. Accordingly, the plaintiffs' motion to vacate [148] is denied.